

**NUMBER 13-13-00603-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LOVETTA LAMAR LITTLE,** **Appellant,**

**v**

**TEXAS DEPARTMENT OF**
**PUBLIC SAFETY,** **Appellee.**

---

### On appeal from the 335th District
### Court of Lee County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion Per Curiam**

This matter is before the Court on a defective notice of appeal and appellant's failure to correct the defect. This appeal was transferred to this Court from the Third Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2011) (delineating the jurisdiction of appellate courts);

*id.* §73.001 (West 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

On December 4, 2013, the Court advised appellant that the notice of appeal was not in compliance with Texas Rules of Appellate Procedure 9.5 and 25.1(d), and requested correction of this defect within ten days. *See* TEX. R. APP. P. 9.5, 25.1(d)(e), 37.1, 42.3(b), (c). The notice was sent to appellant's last known forwarding address; however, the notice was returned "unclaimed unable to forward" and no response has been filed. Other correspondence has been sent to appellant and also returned to sender.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, and fax number, if any, and email address." See TEX. R. APP. P. 9.1(b). Appellant has neither provided this court with a forwarding address nor taken any other action to prosecute this appeal.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. See *id.* R. 42.3(b), (c). Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision. *See id.* R. 2. Given the length of inactivity in this appeal and this court's inability to give effective notice to appellant during the period of inactivity, we suspend Rule 42.3's requirement of ten days' notice to all parties, and DISMISS the appeal on our own motion. *See id.* R. 42.3(b), (c).

PER CURIAM

Delivered and filed the
6th day of February.

2